UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENELEOPE BENIS, <br><br> Plaintiff, <br><br> v. <br><br> RELIANCE STANDARD HEALTH INSURANCE COMPANY, <br><br> Defendant. | No. 18-cv-164-RAJ <br><br> **ORDER** |

This matter comes before the Court on Plaintiff's Motion to Compel. Dkt. # 15. Defendant opposes, and Plaintiff has filed a Reply. Dkt. ## 17, 19. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Compel.

## I. BACKGROUND

Plaintiff was employed by Amgen, Inc. on January 25, 2016, at which time she became eligible for long-term disability insurance. Dkt. # 16, ¶ 3. Defendant issued and administered the ERISA-governed insurance policy covering Plaintiff's disability benefits and made decisions regarding her eligibility. *Id.* at ¶ 4. Plaintiff contends she became disabled on August 8, 2016 and filed a claim for long-term disability benefits with Defendant. *Id.* at ¶ 5.

Defendant denied Plaintiff' claim for long-term disability benefits by letter dated January 23, 2017 as not qualifying for benefits due to Pre-Existing Conditions. Dkt. # 16 at ¶ 6. Plaintiff appealed Defendant's denial by letter dated March 6, 2017, submitting additional evidence and arguing that the pain that disabled her from work was clear and distinct, not present prior to spring of 2016, and therefore not preexisting. *Id.* at ¶ 8.

Defendant contacted a vendor, Dane Street LLC, for a review of Plaintiff's medical records to determine eligibility. Dane Street sent the records to a "Dr. Young Don Oh" who opined in his April 27, 2017 report that Plaintiff' inability to work was due to a pre-existing condition. Dkt. # 16 at ¶ 9. After a review and report from "Dr. Oh," Defendant denied Plaintiff' appeal by letter dated April 27, 2017. *Id.* at ¶ 10.

On February 2, 2018, Plaintiff filed her Complaint against Defendant for its wrongful denial. Dkt. # 1. On April 30, 2018, counsel for Defendant sent an email advising Plaintiff 's counsel that "Dr. Young Don Oh" was actually Spyros Panos, an individual who previously lost his medical license, posed as "Dr. Oh," and prepared the report arguing for the denial of Plaintiff's benefits under this false name. Dkt. # 16-1. Defendant's counsel then stated that it would be "asking a different doctor to review the claim records" to determine eligibility. *Id.*

On September 6, 2018, Plaintiff served on Defendant a set of Interrogatories and Requests for Production as well as a letter asking Defendants to schedule depositions. Dkt. # 16-2. Defendant served Plaintiff with its "Supplemental Initial Disclosure Statement" on October 9, 2018, which contained medical opinion reports dated June and July of 2018 to the Administrative Record, which was previously served in May 2018. Dkt. # 16-5. On October 16, 2018, Defendant served its responses to Plaintiff's discovery requests, in which it objected to each Interrogatory and Request for Production and declined to produce any additional information. Dkt. ## 16-3, 16-4.

## II. LEGAL STANDARD

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Discovery in ERISA cases presents unique circumstances. An administrator's denial of ERISA benefits is reviewed under either a *de novo* or abuse of discretion standard. *Gonda v. Permanente Med. Grp., Inc.*, 300 F.R.D. 609, 613 (N.D. Cal. 2014). The parties agree this case is subject to *de novo* review. Under *de novo* review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits, without reference to whether the administrator operated under a conflict of interest." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). In doing so, the Court considers the evidence in the administrative record. *Opeta v. Nw. Airlines Pension Plan,* 484 F.3d 1211, 1217 (9th Cir. 2007). The Court should consider extrinsic evidence "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo v.*

*Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 944 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1025 (4th Cir. 1993)). Extrinsic evidence may be necessary when there are "issues regarding the credibility of medical experts." *Opeta,* 484 F.3d at 1217 (quoting *Quesinberry,* 987 F.2d at 1027).

### III. DISCUSSION

The circumstances here present a unique case. The first medical expert that reviewed Plaintiff's file was an unlicensed individual who posed as a doctor for the purposes of authoring the report that provided the original basis for denying Plaintiff's eligibility. Dkt. # 16-1. This fraud was not disclosed to Plaintiff until late April 2018, over two months after Plaintiff's Complaint was filed. *Id.*; Dkt. # 1. Plaintiff served discovery requests in September 2018, but it was not until October 2018 that Defendant supplemented the Record with the additional medical reviewers, and seemingly refused to permit any additional discovery related to these medical reviewers or the process that led to the selection of the original and current medical reviewers. These reviews were not part of the initial Administrative Record, were apparently undertaken in the Summer of 2018, and were not produced until October 2018. In her Motion to Compel, Plaintiff seeks a Court order (1) compelling updated responses to Plaintiff's discovery requests; (2) compelling depositions of Defendant's "newly disclosed expert witness as well as other key witnesses"; and (3) for a 60-day extension of the discovery cutoff date of October 22, 2018. Dkt. # 15.

As the parties have not yet provided the Court with the Administrative Record, the Court cannot yet determine the full extent to which additional discovery may be necessary. However, the circumstances in this case, which include a fake doctor's report providing the initial basis for Plaintiff's appeal denial and belated additions to the medical review team mid-litigation, indicate the presence of serious credibility issues related to Defendant's medical reviewers and the processes that led to Defendant selecting these reviewers. In seeking discovery about the previous and current medical

reviewers, as well as, for instance, the common arrangements that led to the selection of both sets of reviewers, Plaintiff seeks information that could be instructive when assessing credibility. *See, e.g., Bourland v. Hartford Life & Acc. Ins. Co.*, C13-6056 BHS, 2014 WL 4748218, at *3 (W.D. Wash. Sept. 24, 2014) ("The credibility of Hartford's medical reviewers is relevant because it goes to the weight the Court will assign their medical opinions on de novo review.").

The Court finds Defendant's current stance regarding discovery to be insufficient to assuage these concerns. Defendant's responses to each of Plaintiff's Interrogatories and Requests for Production are largely identical, and largely boilerplate. Generally, each of Defendant's responses to objects on the basis of *Bourland* that Plaintiff's discovery requests impermissibly seek information "related to a conflict of interest." *See generally* Dkt. ## 16-3, 16-4.[1] The Court finds these responses largely unconvincing. While Judge Settle in *Bourland* declined to permit discovery into medical experts' conflicts of interests, he did permit discovery into the financial arrangements the medical experts had with the defendant in order to assess their credibility. *Bourland*, 2014 WL 4748218, at *2-*3. Plaintiff's requests appear to seek the same information here, and the Court agrees that discovery into the financial relationships of Defendant's medical reviewers is relevant to the Court's evaluations of their opinions. Moreover, because these new reviewers only undertook their review after this litigation commenced, it is not clear at this point that the Administrative Record already contains this information, as Defendant repeatedly indicates.

This analysis does not, however, apply with equal force to each of Plaintiff's discovery requests. With respect to Plaintiff's Interrogatory No. 2, and Requests for Production Nos. 1-4 and 9, the Court finds some better grounds for Defendant's stated

---

[1] Defendant also includes boilerplate arguments that Plaintiff's requests are overbroad, duplicative, and not proportional; the Court does not find any of these bare-bones objections particularly compelling.

ORDER - 5

objections. These discovery requests generally seek statistical or other information connected with Defendant's review of Plaintiff's and other claimants' eligibility determinations. Dkt. # 16-3 at 3; Dkt. # 16-4 at 1-5, 8-9. The Court finds that these requests would be helpful to the extent they seek information about Plaintiff; however, to the extent these requests seek information beyond the determination of Plaintiff's claim, such requests are overbroad and will not aid the Court in making a *de novo* determination in this case. Moreover, Defendant's responses to Interrogatories 1 and 4-10, and Requests for Production 5 and 7-11, state that it has already produced the information requested. Should this be the case, additional discovery may not be necessary; however, because Defendant does not provide Bates Numbers for these objections, neither the Court nor Plaintiff can tell for sure.

Ultimately, given the serious credibility issues associated with Defendant's previous medical reviewer, the Court finds that additional discovery into the credibility of Defendant's previous and current medical reviewers is necessary to conduct an adequate *de novo* review. The Court will **GRANT IN PART** Plaintiff's request for more discovery. Defendant is hereby **ORDERED** to respond to Plaintiff's Interrogatory No. 3, and to respond to and provide documents responsive to Plaintiff's Requests for Production 5 and 6. As to Interrogatory No. 2 and Requests for Productions Nos. 1-4 and 9, Defendant must respond to the extent that it can provide information or documents related to Plaintiff's claim but may withhold information related to other claimants. To the extent Defendant contends it has already produced documents responsive to Plaintiff's requests, as it does in its responses to Interrogatories 1 and 4-10, and Requests for Production 5 and 7-11, Defendant is instructed to identify such documents with citations to Bates Numbers. Otherwise, Defendant must respond or produce documents in connection with these requests. **Defendant must serve these responses and productions no less than thirty (30) days from the date of this Order**.

Plaintiff's Motion to Compel is otherwise **DENIED**.  The Court does not see the necessity of permitting depositions of all the new medical reviewers at this time, given the limited discovery permitted in *de novo* ERISA actions.  Plaintiff does not explain what these depositions could yield that responses to Plaintiff's other discovery requests could not, and absent such an argument the Court believes these depositions would be duplicative and wasteful.  Should Defendant's responses and productions prove inadequate in light of the existing Administrative Record, the Court may revisit this issue at a later time.  Finally, as to Plaintiff's request to extend the discovery cut-off, aside from the limited discovery permitted in this Order, Plaintiff's request is **DENIED**.  Plaintiff has not shown good cause for a global extension of the discovery cut-off date.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel.  Dkt. # 15.

Dated this 6th day of March, 2019.

The Honorable Richard A. Jones
United States District Judge